IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LINDA GILCHRIST,
JACKIE VALENTINE,
JOANNE ZIPPERER,

    Plaintiffs,

v.                                              CASE NO. 1:00-cv-00066-MP-AK

ALLSTATE INSURANCE COMPANY,
GOVERNMENT EMPLOYEES INSURANCE COMPANY,
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendants.
_____/

**O R D E R**

This matter is before the Court on Docs. 271, 272, 273, and 274, Defendants' Allstate, GEICO, Nationwide and State Farm, ("Defendants") Motions for Bill of Costs. Plaintiffs Gilchrist, Valentine, and Zipperer ("Plaintiffs") have filed a Response in Opposition to the Motions, Doc. 274. After considering the various Motions and Responses thereto filed, the Court has determined that Defendants are entitled to taxation of costs as listed below.

Costs shall be taxed as provided in Rule 54(d), Federal Rules of Civil Procedure and as defined in 28 U.S.C. §1920. Section 1920 provides:

    A judge or clerk of any court of the United States may tax as costs the following:
        (1)    Fees of the clerk and marshal;
        (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
        (3)    Fees and disbursements for printing and witnesses;
        (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;
        (5)    Docket fees under section 1923 of this title;
        (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Additionally, under Local Rule 54.2, a claimant entitled to costs must file a bill of costs, including a memorandum of costs.  Furthermore, the bill of costs must be itemized such that the nature of each cost can be readily determined  and documentation of costs must be attached.

Pursuant to F.R.C.P. 54(d) and 28 U.S.C. § 1920, the determination of taxable costs is a matter left to the district court's discretion; as such, district courts are accorded great latitude in making that determination.  Loughan v. Firestone Tire & Rubber, Co., 749 F. 2d 1519,1526 (11th Cir.1985); U.S. v. Kolesar, 313 F. 2d 835 (5th Cir. 1963).  The Court has reviewed Plaintiffs' objections and the relevant facts and case law.  Costs to which Plaintiffs filed no objection shall be taxed as requested by Defendants.  Each objection shall be discussed in turn.

Plaintiffs first object to Defendants' claims for appellate filing costs and for certain questionable district court filing fees.  A district court lacks the jurisdiction to award appellate fees and costs.  See Whitfield v. Scully, 241 F. 3d 264 (2d Cir. 2001);  Martin v. Nickels and Dimes, Inc., 804 F. Supp. 83 (D. Hawaii 1992).  Therefore, the appellate filing fees claimed by both GEICO and Nationwide are disallowed.  Furthermore, the Court disallows the cost listed by GEICO as a district court filing fee in the amount of $150.00.  There is no fee for filing a response to Plaintiff's complaint.

Plaintiffs next object to the "excess" of Defendants' copying charges.  Subparagraph four of §1920 provides that the court may tax fees for copies of papers "necessarily obtained" for use in the case.  This Court finds that the costs for copies claimed by GEICO and State Farm represent reasonable and "necessarily obtained" costs for the defense of this case.  Therefore, the

Court awards the claimed costs.

With regard to the quantity and cost of deposition transcripts, Plaintiffs object to the claimed costs as unnecessary and excessive.  Section 1920(2) permits taxation of fees of the court reporter for transcripts "necessarily obtained" for use in the case.  In some instances the prevailing party may not recover for more than one copy of the depositions taken by the opponent.  See, e.g., Fulton Federal Sav. & Loan Ass'n of Atlanta v. American Insurance, Co., 143 F.R.D. 292, 297 (N.D. Ga. 1991).  Additionally, when there is no alleged and proven need for expedited or daily transcription of depositions, these costs are not recoverable.  In re Nissan Antitrust Litigation, 577 F. 2d 910, 918 (5th Cir. 1978) (finding that expedited and daily transcription costs are not taxable); National Bankcard Corp. v. Visa, 112 F.R.D. 62, 64-65 (S.D. Fla. 1986) (finding expedited costs are not taxable unless "necessarily obtained").

As a part of their objections to the costs for deposition transcripts, the Plaintiffs object to any costs for items outside of standard transcription.  Costs for condensed manuscripts and manuscript disks (ASCII or other), unless proven necessarily obtained, are for the mere convenience of counsel and are not taxable.  Harkins v. Riverboat Services, Inc., 286 F. Supp. 2d 976, 980-981 (N.D. Ill. 2003).  Deposition costs incurred merely for the convenience of the party or to aid in preparation are not taxable.  Fulton, 143 F.R.D. at 296.  Finally, when a party notices a deposition to be taken by video and stenographic means, and no objection is made by the opposing party at the time of notice, costs are taxable for both video recordation and transcription.  Morrison v.  Reichhold Chemicals, Inc., 97 F.3d 460, 465 (11th Cir. 1996).

In this instance, each defendant has claimed transcription costs for every deposition noticed by Plaintiff.  Included in these costs are expedited and daily transcription fees, as well as

charges for minuscripts, condensed transcripts, manuscript disks, and ASCII disks.  In light of the length of the litigation and the geographical locations of the Defendants' attorneys, the Court will allow each Defendant's requests for one standard copy of each deposition.  The Court disallows costs for expedited and daily transcription as well as charges for any condensed copies or disk copies of the depositions.  The Court allows the costs of duly noticed video depositions and the costs of one copy of the videos for each Defendant that claims video costs.

Finally, the Plaintiffs object to Defendants' claims for costs associated with the production of an "interactive PDF file."  Section 1920(4) allows taxation of fees for exemplification of papers necessarily obtained for use in the case.  The Eleventh Circuit has stated that the term "exemplification" as used in §1920 means "an official transcript of a public record, authenticated as a true copy for use as evidence, and not the broader and common connotation that includes a showing or illustrating by example."  <u>Arcadian Fertilizer L.P. v. M.P.W. Indus. Servs.</u>, 249 F.3d 1293, 1297 (11th Cir. 2001).  Further, the Eleventh Circuit has held that videotape exhibits and computer animation are not exemplifications and are not authorized as taxable under §1920.  <u>Id</u>.  Therefore, the Court denies State Farm's claim for costs associated with the preparation and presentation of the interactive PDF file as outside the scope of 28 U.S.C. §1920, since it was unnecessary and not created for the Court.  <u>Cf.</u> GEICO's Amended Submission of Costs, Doc. 271 at 2 (not claiming costs associated with "[i]maging documents and preparation of CD-rom" because such tasks were "technically not done for the court ").

Based on the above law and pursuant to 28 U.S.C. §1920, this Court finds that the following costs are taxable:

I.   <u>Allstate:</u>

| | |
|---|---|
| Deposition of R. Blair | $621.45 |
| Video costs for deposition of Blair | $65.00 |
| Deposition of R. Lindquist | $528.30 |
| Deposition of M. Lehman | $373.75 |
| Deposition of T. Rau and R. Knott | $522.65 |
| Deposition of F. Cripe | $549.30 |
| Transcript of Hearing | $63.00 |
| Deposition of R. Kline | $484.16 |
| Video Deposition of M. Kamien | $1575.00 |
| <u>Total:</u> | $4836.61 |

II.   <u>GEICO:</u>

| | |
|---|---|
| Deposition of M. Lehman | $373.75 |
| Deposition of F. Cripe | $582.30 |
| Deposition of C. Kline | $484.16 |
| Deposition of M. Kamien | $65.00 |
| Deposition of W. Rau and R. Knott | $534.65 |
| Deposition of R. Lindquist | $528.30 |
| Copying costs | $223.68 |
| <u>Total:</u> | $2791.84 |

III.   <u>Nationwide:</u>

| | |
|---|---|
| Filing Fees: | $60.25 |
| Deposition of W. Rau and R. Knott | $534.65 |
| Deposition of F. Cripe | $582.30 |
| Deposition of C. Kline | $484.16 |
| Deposition of R. Lindquist | $509.30 |

| | |
|---|---|
| Total: | $2632.46 |

IV. <u>State Farm:</u>

| | |
|---|---|
| Filing Fees | $60.00 |
| Transcript of Hearing | $63.00 |
| Deposition of F. Cripe | $580.60 |
| Deposition of M. Lehman | $373.75 |
| Deposition of T. Rau and R. Knott | $529.40 |
| Plaintiffs Depositions | $1182.65 |
| Video Deposition of M. Kamien | $65.00 |
| Video Deposition of R. Lindquist | $50.00 |
| Video Deposition of R. Blair | $50.00 |
| Deposition of R. Blair | $510.45 |
| Deposition of R. Lindquist | $518.30 |
| Copies and One CD to Court | $1067.80 |
| Total: | $5050.95 |

Accordingly, it is hereby:

**ORDERED AND ADJUDGED:**

That fees shall be taxed in accordance with the above schedule.

**DONE AND ORDERED** this __12th__ day of July, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge